IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Miscellaneous Action File No.: 1:17-mc-00198-MSK-NYW

CRAFTWOOD II, INC., dba BAY HARDWARE, individually and as representative of all others similarly situated,

    Plaintiff,

v.

WURTH LOUIS & COMPANY, a California corporation, and Does 1 through 1000,

    Defendants.

_____

**SUPPLEMENTAL DECLARATION OF SCOTT O. LUSKIN IN SUPPORT OF NOTICE OF NON-OPPOSITION OF PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE RE: (1) CONTEMPT CITATION; (2) ORDER COMPELLING COMPLIANCE WITH SUBPOENA; AND (3) MONETARY SANCTIONS**
_____

    I, Scott O. Luskin, declare as follows:

    1.    I am a partner with Payne & Fears LLP, attorneys of record for Plaintiff, Craftwood II, Inc. I have personal knowledge of the facts set forth herein, except as to those stated on information and belief and, as to those, I am informed and believe them to be true. If called as a witness, I could and would competently testify to the matters stated herein.

1

2. This declaration updates the status of the subpoena and my efforts to obtain compliance since we filed our motion December 5.

3. After filing, I understand that Craftwood II's Colorado counsel immediately served the motion on the subpoenaed party, Westfax, Inc., and defendant Wurth Louis & Company. On December 6, Westfax's attorney emailed me to say that he believed Westfax was not in contempt despite its failure to comply with the subpoena, and again announced that it would not produce documents if Wurth continued to object. Wurth's counsel, Liv Kiser, then responded, now that the motion was on file, that Wurth was withdrawing its prior objections.

4. Despite the significant expense and time invested in the motion, I agreed to consider withdrawal if we received complete responses and documents within seven days. On December 12, Westfax provided responses and a small production of documents. A copy Westfax's Response to Subpoena is attached as Exhibit A.

5. I reviewed the responses and the items produced, and determined that the responses were improper and that the production appeared deficient. The responses, despite the deadline long since passing, contained objections for three items. Among other issues, the documents did not include several items that Westfax normally has on its web portal, which I obtained regarding a different Westfax customer in a prior case.

6.     I followed up with Westfax's counsel, William Hayes, about these items shortly after receiving the response.  He agreed to seek the documents from his client.  Not hearing from him, I emailed the next week, on December 21, to follow-up.  My email identified the documents requested and the deficiencies with the responses.  I again didn't hear back, so I emailed again December 26.  Mr. Hayes finally acknowledged my emails that day, but did not provide a response.  Instead he said he was out of the office until January 3 and that Westfax had only a skeleton crew, so it could not handle my requests.

7.     On January 3, I spoke with Mr. Hayes again.  He told me that he had not yet located any outstanding documents, but would continue to look into the issues.  We also discussed his position that Westfax intended to stand on its objections to Requests 12-14.  I told him that I believed the position was improper, especially because Westfax's objections were waived, but in the spirit of compromise agreed to table that issue to see if similar documents are produced by Defendant.[1]  If they are not, I let Mr. Hayes know we intend to go forward with the motion.

---

[1]     The documents at issue are phone records that may show transmission of the junk faxes.  Defendant may have received email records from Westfax, but I have not seen any yet.  Westfax has indicated that it destroyed those emails.  So we sought Westfax phone records that may show the same information.  Defendant was supposed to produce documents in early December, but has provided only a token production without any transmission records.  I have independently followed up with Wurth's counsel, but will likely have to seek assistance from our assigned Magistrate in the Central District.

3

8. At the end of our call, I explained to Mr. Hayes that we would file an update with the Court on the status through a notice of non-opposition since he'd missed the deadline to respond to the motion, but that I would request a 30-day continuance of the hearing to see if the issues can be resolved without direct Court intervention.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Respectfully submitted this 5th day of January 2018.

_____
Scott O. Luskin

## **CERTIFICATE OF SERVICE**

    IT IS HEREBY CERTIFIED that on this 5th day of January, 2018, a true and correct copy of the foregoing **SUPPLEMENTAL DECLARATION OF SCOTT O. LUSKIN IN SUPPORT OF PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE RE: (1) CONTEMPT CITATION; (2) ORDER COMPELLING COMPLIANCE WITH SUBPOENA; AND (3) MONETARY SANCTIONS** was SERVED by sending a copy of same via first class U.S. Mail, postage prepaid and via email to the following addresses:

| | |
|---|---|
| Livia M. Kiser<br>lkiser@sidley.com<br>Courtney A. Hoffmann<br>choffmann@sidley.com<br>Raechel Bimmerle<br>rbimmerle@sidley.com<br>Tom Kayes<br>tkayes@sidley.com<br>SIDLEY AUSTIN LLP<br>One South Dearborn<br>Chicago, IL 60603<br>Tel: (312) 853-7000<br>Fax: (312) 853-7036 | Attorneys for Defendant<br>Wurth Louis and Company |
| Michael L. Mallow<br>mmallow@sidley.com<br>SIDLEY AUSTIN LLP<br>555 West Fifth Street, Suite 4000<br>Los Angeles, California  90013<br>Tel.: (213) 896-6666<br>Fax: (213) 896-6600 | Attorneys for Defendant<br>Wurth Louis and Company |

5

| | |
|---|---|
| William Hayes, III<br>257 Jackson Street<br>Denver, CO 80206<br>Tel.: (303) 514-0658<br>Email: sqhayes@aol.com | Attorney for Westfax, Inc. |

   /s/ *Michele Overton*

2018.01.04 Luskin Declaration re Non-Opposition.docx

6