## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 17-mc-00198-MSK-NYW

CRAFTWOOD II, INC. d/b/a BAY HARDWARE, individually and as representative of all others similarly situated,

      Plaintiff,

v.

WURTH LOUIS & COMPANY, a California corporation, and DOES 1 through 1000,

      Defendants.

---

### ORDER ON PLAINTIFF'S MOTION FOR ORDER TO SHOW CAUSE RE: (1) CONTEMPT CITATION; (2) ORDER COMPELLING COMPLIANCE WITH SUBPOENA; AND (3) MONETARY SANCTIONS

---

Magistrate Judge Nina Y. Wang

      This matter comes before the court on Plaintiff's Motion for Order to Show Cause re: (1) Contempt Citation; (2) Order Compelling Compliance with Subpoena; and (3) Monetary Sanctions (the "Motion"), [#1, filed December 6, 2017]. The Motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b) and (d), and the Order Referring Case dated December 13, 2017 [#9]. Upon consideration of the Motion, the supplemental brief filed January 5, 2018, [#14], and the Parties' comments offered during the Status Conference held before this court on April 19, 2018, [#24], this court **DENIES** Plaintiff's request for an Order to Show Cause regarding a contempt citation, and additionally **DENIES** Plaintiff's request for an Order compelling compliance with subpoena and for monetary sanctions.

### BACKGROUND

      This action arises out of a class action lawsuit captioned *Craftwood II, Inc. v. Wurth Louis & Co.*, Case No. 8:17-cv-00606 (DOC) (KES), currently pending in the United States

District Court for the Central District of California.  [#1 at 1–2].  In that action, Plaintiff Craftwood II, Inc. ("Plaintiff" or "Craftwood") alleges that Defendant Wurth Louis & Company ("Defendant" or "Wurth") violated the Telephone Consumer Protection Act of 1991 ("TCPA"), 47 U.S.C. § 227.  During the course of discovery, Plaintiff subpoenaed nonparty WestFax, Inc. ("WestFax"), which is located in Colorado, believing that Wurth used WestFax to send the offending facsimiles.  [#1 at 2; #1-2].  The Amended Subpoena included 23 topics seeking a broad range of documents, including but not limited to "All faxes sent to or that were attempted to be sent through WestFax," "[a]ll documents that relate to each telephone carrier or other third party service provider used by WestFax to provide facsimile-related services to Wurth," and "[a]ll documents that relate to WestFax's telephone numbers used to provide facsimile-related services to Wurth."  [#1-2 at 52–53].

At the time the Motion was filed, WestFax had not responded to the Amended Subpoena, and Craftwood sought an Order to Show Cause as to why:

> (1) a contempt of court citation should not issue for [WestFax's] failure to comply with the subpoena, (2) it should not be compelled produce the subpoenaed documents [sic], and (3) the Court should not award Craftwood monetary sanctions in the amount of $17,512.00 for the attorney's fees and costs it incurred in bringing this Motion.

[#1 at 3].  This court set a Telephonic Status Conference for January 12, 2018 at 3:00 p.m. [#11].  Prior to the Status Conference, Plaintiff filed a "Notice of Non-Opposition," indicating that WestFax had agreed to comply with most of Plaintiff's requests, and "[t]o conserve judicial economy," requesting "that the hearing set for January 12, 2018, be continued thirty days to see if the parties [could] resolve the dispute."  [#13 at 2].  Based on that request, this court vacated Telephonic Status Conference and reset it to February 13, 2018.  [#16].

On February 9, 2018, the Parties filed a "Stipulation and Request to Continue Hearing Re: Craftwood, II, Inc.'s [sic] Subpoena on WestFax, Inc." [#19]. The Parties requested that the Status Conference be continued for another 60 days, because they had "an underlying dispute that may affect the need to proceed with the hearing on this matter." [*Id.*]. This court again vacated the Telephonic Status Conference and reset it to April 19, 2018.

On April 19, 2018, counsel for WestFax entered his appearance, [#23], and, in conjunction with the Notice of Entry of Appearance, filed as Exhibit 1 an undated "Status Update Discovery." [#23-1]. As Exhibit 2, he filed a "Second Status Update Discovery," dated April 19, 2018, [#23-2]. WestFax also attached an Order from the United States District Court for the Northern District of Illinois. [#23-3]. At the Status Conference, Plaintiff represented that WestFax still had not produced any documents related to subpoena topics nos. 12, 13, and 14. [#1-2 at 53]. On April 30, 2018, Plaintiff filed a Status Report informing this court that the United States District Court for the Central District of California had set a June 4, 2018 discovery deadline in the underlying matter. [#27].

## ANALYSIS

In the Complaint, Plaintiff asserts two causes of action under the TCPA: (1) violations of the TCPA's prohibition on unsolicited facsimile advertising pursuant to 47 U.S.C. § 227; and (2) failure to comply with the TCPA's Opt-Out Notice Requirements pursuant to 47 U.S.C. § 227. [#1-2 at 7–23]. Section 227(b)(1)(C) of the TCPA prohibits, in pertinent part:

> [the] use [of] any telephone facsimile machine, computer, or other device to send, to a telephone facsimile machine, an unsolicited advertisement, unless—
>
> (i) the unsolicited advertisement is from a sender with an established business relationship with the recipient;
>
> (ii) the sender obtained the number of the telephone facsimile machine through--

(I) the voluntary communication of such number, within the context of such established business relationship, from the recipient of the unsolicited advertisement, or

(II) a directory, advertisement, or site on the Internet to which the recipient voluntarily agreed to make available its facsimile number for public distribution,

except that this clause shall not apply in the case of an unsolicited advertisement that is sent based on an established business relationship with the recipient that was in existence before July 9, 2005, if the sender possessed the facsimile machine number of the recipient before July 9, 2005; and

(iii) the unsolicited advertisement contains a notice meeting the requirements under paragraph (2)(D),

except that the exception under clauses (i) and (ii) shall not apply with respect to an unsolicited advertisement sent to a telephone facsimile machine by a sender to whom a request has been made not to send future unsolicited advertisements to such telephone facsimile machine that complies with the requirements under paragraph (2)(E); …

47 U.S.C. § 227(b)(1)(C).

On October 2, 2017, Plaintiff served an Amended Subpoena on WestFax, with a return date of October 16, 2017. [#1-2 at 46]. Topics 12, 13, and 14 of Plaintiff's subpoena to WestFax request the following:

12. All DOCUMENTS that RELATE TO each telephone carrier or other third party service provider used by WESTFAX to provide facsimile-related services to WURTH.

13. All DOCUMENTS that RELATE TO WESTFAX's telephone numbers used to provide facsimile-related services to WURTH.

14. All DOCUMENTS that RELATE TO WESTFAX's account numbers for billing purposes with any telephone carrier or other third party service provider used by WESTFAX to provide facsimile-related services to WURTH.

[#1-2 at 53]. Plaintiff described these topics as "relate[d] to documents concerning WestFax's telephone carriers and the telephone numbers that they use to serve or send out the blast emails

for the underlying Defendant, Wurst." [#26 at 5:13–17].[1]  Plaintiff argues that it needs records of WestFax's telephone carriers and the telephone numbers so that it can cross-reference the information to identify putative class members.

Counsel for WestFax represents that WestFax utilizes a broadcasting platform known as least cost routing, so that on any given day, at any given hour and minute, the facsimile broadcasting system pulls from multiple carriers, and the information provided by those carriers is not tied to particular customers. [#26 at 6:3–10]. WestFax further contends that it has provided all the records it has for Defendant to both Parties in the underlying action, and has no additional records to provide. [*Id.* at 9].

In response, Plaintiff argues that WestFax failed to object to the subpoena topics and failed to timely respond to the Motion and, accordingly, has waived its objections. The court will address its authority to grant the relief requested first, and then turn to the merits of the arguments.

## I.       Authority Related to Civil Contempt

As an initial matter, though not raised by the Parties, this court considers its authority to adjudicate the pending Motion. As relief, Craftwood seeks an order to WestFax to appear and to show cause why (1) a contempt of court citation should not issue for its failure to comply with Plaintiff's Subpoena; (2) Westfax should not be ordered to comply with the Subpoena; and (3) Craftwood should not be awarded monetary sanctions in the amount of $17,512.00 for its fees and costs incurred in bringing this Motion. [#1 at 14]. This court construes the Motion as

---

[1] Citations to the transcript refer to the docket entry number assigned by the District's Electronic Court Filing ("ECF") system and, for the sake of consistency, the page and line number of the original transcript. In the case of the transcript from the April 19 proceeding, there is no difference between the pagination assigned by the ECF system and the original transcript.

requesting an Order to Show Cause and an evidentiary hearing, rather than requesting that civil contempt be entered against WestFax pursuant to this Motion.

The difference is significant because a magistrate judge's contempt authority is defined by 28 U.S.C. § 636(e).  Pursuant to that statute, a magistrate judge does not have the authority to exercise contempt authority in civil cases where the parties have not consented to the jurisdiction of a magistrate judge or where the civil contempt occurs outside the presence of the magistrate judge.  28 U.S.C. § 636(e); *Millennium Labs., Inc. v. Rocky Mountain Tox, LLC*, No. 10-cv-02734, 2011 WL 843935, at *7 (D. Colo. Mar. 8, 2011).  A person charged with civil contempt is entitled to a show cause hearing, to be represented by counsel, and to have an opportunity to be heard.  *Millennium Labs.*, 2011 WL 843935, at *7 (citations omitted).  A magistrate judge may conduct a contempt hearing, but then functions to certify the facts and does not issue any order of contempt.  *Big O Tires, LLC v. D & T Auto Sales & Serv., Inc.*, No. 09-CV-01509-MSK-BNB, 2010 WL 1568571, at *2 (D. Colo. Jan. 8, 2010).  Here, however, this court is only determining whether the facts and law justify the issuance of an Order to Show Cause, and to the extent I decline to do so, I may resolve this Motion by Order.  *Cf. Millennium Labs*, 2011 WL 843935, at *8.

## II.     Timeliness of Objections

Under Rule 45 of the Federal Rules of Civil Procedure, objections to subpoenas are due before the date specified for compliance or fourteen days after the subpoena is served, whichever is earlier.  Fed. R. Civ. P. 45(d)(2)(B).  A party receiving a subpoena may, on timely motion, request that the court quash or modify the subpoena if it subjects a person to undue burden.  Fed. R. Civ. P. 45(d)(3).  A party's failure to timely object to a subpoena may result in a waiver of that party's objections.  *See Wang v. Hsu*, 919 F.2d 130, 131 (10th Cir. 1990).  But waiver is not

absolute, and courts have recognized in unusual circumstances and for good cause that a failure

to act does not result in waiver. *See United States v. Davison*, Case No. 08-CV-02530-WYD-

MEH, 2009 WL 189957, at *2 (D. Colo. Jan. 27, 2009). Such unusual circumstances have been

found where:

> (1) the subpoena is overbroad on its face and exceeded the bounds of fair
> discovery, (2) the subpoenaed witness is a non-party acting in good faith, and (3)
> counsel for the witness and counsel for the subpoenaing party were in contact
> concerning the witness' compliance prior to the time the witness challenged the
> legal basis for the subpoena.

*Id.*

In this case, the court finds that such unusual circumstances exist. It is undisputed that

WestFax is a nonparty to this action. And while the record indicates that WestFax did not

attempt to respond to the subpoena until December 8, 2017, [#14-1], it then produced responsive

documents. *See* [#14 at 2]. In addition, despite WestFax's delay in responding, there is

insufficient information before this court for the undersigned to conclude that WestFax was not

acting in good faith. Indeed, the Status Conference was delayed for three months as the Parties

continued to negotiate the document issues. *See* [#16, #21]. More importantly, however, as

discussed below, this court finds that topics 12–14 are not proportional to the needs of the case.

### III.    Rule 26(b)(1)

A subpoena served on a third party pursuant to Rule 45 of the Federal Rules of Civil

Procedure is considered discovery within the meaning of those Rules. *Rice v. U.S.*, 164 F.R.D.

556, 556–57 (N.D. Okla. 1995). Accordingly, a Rule 45 subpoena must satisfy the same

standards that govern discovery between the parties. Rule 26(b)(1) of the Federal Rules of Civil

Procedure defines the scope of permissible discovery in this action: any nonprivileged matter

that is relevant to any party's claim or defense and proportional to the needs of the case. Fed. R.

Civ. P. 26(b)(1).  In considering whether the discovery sought is proportional, the court weighs the importance of the discovery to the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  *Id.*

Notably, the scope of discovery does not include all information "reasonably calculated to lead to admissible evidence."  The amendments to Rule 26, effective December 1, 2015, purposefully removed that phrase. *See In re Bard Filters Products Liability Litig.*, 317 F.R.D. 562, 564 (D. Ariz. 2016). As explained by the *Bard* court, the Advisory Committee on the Federal Rules of Civil Procedure was concerned that the phrase had been used incorrectly by both parties and the courts to define the scope of discovery so as to potentially "swallow any other limitation on the scope of discovery." *Id.* (citing Fed. R. Civ. P. 26 advisory committee's notes to 2015 amendment).  As a result of the amendments, the applicable test is now whether the evidence sought is relevant to any party's claim or defense, and proportional to the needs of the case.  *Id.*  Rule 401 of the Federal Rules of Evidence defines relevant evidence as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more or less probable than it would be without the evidence."  Fed. R. Evid. 401.

Craftwood seeks information about WestFax's telephone providers and telephone numbers used to send out facsimiles on behalf of Wurth.  In response to Topic Nos. 12 and 14, WestFax stated that "[t]he telephone carriers and service providers are confidential and proprietary information that WestFax does not disclose."  [#14-1 at 1].  This court is not persuaded that WestFax has carried its burden of establishing that any of the information sought

is protected from disclosure based on confidentiality. "The issue of whether the information sought is confidential commercial information is separate and distinct from the issue of whether its disclosure will cause undue burden or harm." *DISH Network, L.L.C. v. WNET*, No. 13-cv-00832-PAB-KLM, 2014 WL 1628132, at *4 (D. Colo. Apr. 24, 2014). Indeed, the court could address any concerns regarding the confidential and proprietary nature of the information through a protective order.

However, the heart of the issue lies in WestFax's response to Topic No. 13: "the WestFax fax broadcasting platform uses many telephone numbers and does not distinguish or identify which telephone numbers are used for a customer." [#14-1 at 1]. In accordance with Rule 33, this response is sworn under oath by Barry Clark, President of WestFax. [*Id.*]. Craftwood provides no evidence that the statement is not true. Other than arguing that its expert could potentially "go back and try and relate those bills that show those numbers to other information that has been produced, to try and determine who are the putative class [sic]," [#26 at 7–8], Plaintiff has not indicated any mechanism, through chronology or otherwise, by which WestFax could with any certainty provide documents responsive to Plaintiff's request related solely to Wurth. Indeed, Plaintiff does not dispute WestFax's representation that there are no transmission reports specific to Wurth that are available in this case. *See* [#26 at 8:6–19]. Based on these facts, this court concludes that the Amended Subpoena is appropriately quashed as to Topics 12–14, because a general disclosure of the telephone carriers utilized by WestFax, or production of the telephone numbers dialed by the automated system, without further limitation, encompasses information well beyond that which is relevant to this action. And Rule 45 is clear that WestFax is not required to create a non-existent document by mining its own data. *Georgacarakos v. Wiley*, No. 07-CV-01712-MSK-MEH, 2009 WL 924434, at *2 (D. Colo. Apr.

3, 2009) (citing *Insituform Techs., Inc. v. Cat Contracting, Inc.*, 168 F.R.D. 630, 633 (N.D. Ill. 1996) (Rule 45 "does not contemplate that a non-party will be forced to create documents that do not exist")).

## IV.   Civil Contempt

Finally, the court touches briefly upon Plaintiff's request for an Order to Show Cause as to why civil contempt should not be entered.   Under Tenth Circuit law, an order for civil contempt must be supported by the existence of a valid order; evidence that the non-compliant party had actual knowledge of the order; and that the non-compliant party disobeyed the order. *See Fed. Trad Comm. v. Kuykendall*, 371 F.3d 745, 751 (10th Cir. 2004).   But this court notes that the purpose of civil contempt is to require adherence to court orders, and may only continue until terminated by compliance.   *See O'Connor v. Midwest Pipe Fabrications, Inc.*, 972 F.3d 1204, 1211 (10th Cir. 1992).   "Courts should not resort to contempt sanctions where there is a fair ground of doubt as to the wrongfulness of the defendant's conduct." *Millennium Labs.*, WL 843935, at *9 (citations and internal quotation marks omitted).   As noted above, there is no dispute that WestFax has complied, albeit in a delayed fashion; and, for the reasons stated herein, this court concludes that it would not be appropriate to issue an Order to Show Cause, or to certify the matter for further proceedings. *Id.* at *7.

## CONCLUSION

For the foregoing reasons, this court **ORDERS** that:

(1)   Plaintiff's Motion [#1] is **DENIED**, both as to the request for an Order to Show Cause regarding a contempt citation and for an Order compelling compliance with subpoena and for monetary sanctions.

DATED:  May 25, 2018                    BY THE COURT:

                                        Nina Y. Wang
                                        United States Magistrate Judge